1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12  SIERRA CLUB and FRIENDS OF THE     NO. CIV. 2:12-0044 WBS CKD
    WEST SHORE,
13
            Plaintiffs,               MEMORANDUM AND ORDER DENYING
14                                    MOTION TO ALTER OR AMEND
        v.                            JUDGMENT RE: CROSS MOTIONS FOR
15                                    SUMMARY JUDGMENT
    TAHOE REGIONAL PLANNING AGENCY,
16  COUNTY OF PLACER, and BOARD OF
    SUPERVISORS OF THE COUNTY OF
17  PLACER,

18          Defendants.
    _____
19
    HOMEWOOD VILLAGE RESORTS, LLC,
20  and JMA VENTURES, LLC,

21          Defendants and Real
            Parties in Interest.
22  _____/

23

24                         ----oo0oo----

25          Before the court is Tahoe Regional Planning Agency

26  ("TRPA"), the County of Placer (the "County"), Homewood Village

27  Resorts, and JMA Ventures' (collectively, "defendants") motion to

28  alter or amend the judgment of the January 4, 2013, Memorandum

                               1

1    and Order Re: Cross Motions for Summary Judgment ("Order"),

2    (Docket No. 69), pursuant to Federal Rule of Civil Procedure

3    59(e).  (Docket No. 71.)  The Order granted in part and denied in

4    part cross motions for summary judgment.  (Order at 113-14.)

5    Plaintiffs Sierra Club and Friends of the West (together,

6    "plaintiffs") oppose the motion.[1]

7            Reconsideration is an "extraordinary remedy" which

8    should be used "sparingly in the interests of finality and the

9    conservation of judicial resources."  Kona Enter., Inc. v. Estate

10   of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); see also Sch. Dist.

11   No. 1J, Multonomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th

12   Cir. 1993) (stating that reconsideration should only be granted

13   in "highly unusual circumstances").  A motion for reconsideration

14   "should not merely present arguments previously raised, or which

15   could have been raised in the initial . . . motion."  United

16   States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D.

17   Cal. 2001) (citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th

18   Cir. 1985)).  It has been said that under Rule 59(e),

19   "[r]econsideration is appropriate if the district court (1) is

20   presented with newly discovered evidence, (2) committed clear

21   error or the initial decision was manifestly unjust, or (3) if

22   there is an intervening change in controlling law."  Sch. Dist.

23   No. 1J, 5 F.3d at 1263.

24           Defendants argue that the court committed legal error

25   by requiring revision of the EIR-EIS after finding that the EIR-

26   _____

27       [1]   The detailed factual background of this case may be
     found in the Order.  See (Docket No. 69); Sierra Club v. Tahoe
28   Reg'l Planning Agency, Civ. No. 2:12-0044 WBS, --- F.Supp.2d ----
     , 2013 WL 79947 (E.D. Cal. Jan. 4, 2013).

EIS's analysis of Alternative 6 was inadequate and that substantial evidence did not support the County and TRPA's respective findings that Alternative 6 was economically infeasible.  Defendants point to the directive in California Environmental Quality Act ("CEQA"), Cal. Pub. Res. Code § 21000-21176, case law that when the feasibility of an alternative depends on economic factors, the evidentiary basis for the agency's finding that the alternative is economically infeasible need not be in the EIR itself, but must be in the administrative record.  See, e.g., Flanders Found. v. City of Carmel-by-the-Sea, 202 Cal. App. 4th 603, 618 (6th Dist. 2012).  The court acknowledged this requirement in its Order, explaining that "CEQA does 'not require the EIR itself to provide any evidence of the feasibility of . . . alternatives, much less an economic or cost analysis of the various project alternatives and mitigating measures identified by the EIR." (Order at 55 (quoting San Franciscans Upholding the Downtown Plan v. City & Cnty. of S.F., 102 Cal. App. 4th 656, 690-91 (1st Dist. 2002)).)  The court cannot agree with defendants, however, that in requiring the preparation of a legally adequate EIR-EIS it committed clear error or that the remedy it ordered is manifestly unjust.

The "Guidelines," which flesh out CEQA's provisions, prescribe that an EIR "include sufficient information about each alternative to allow meaningful evaluation, analysis, and comparison with the proposed project."[2]  Cal. Code Regs., tit. 14, § 15126.6, subd. (d).  An EIR-EIS must have "'detail

---

[2]   The Guidelines are set forth in the California Code of Regulations, title 14, section 15000 et seq.

sufficient to enable those who did not participate in its preparation to understand and to consider meaningfully the issues raised by the proposed project.'"[3]  <u>Pres. Action Council v. City of San Jose</u>, 141 Cal. App. 4th 1336, 1355 (6th Dist. 2006) (quoting <u>Laurel Heights Improvement Ass'n v. Regents of Univ. of Cal.</u>, 47 Cal. 3d 376, 405 (1988)).  Further, "the agency preparing the EIR may not simply accept the project proponent's assertions about an alternative; the agency must 'independently participate, review, analyze and discuss the alternatives in good faith.'"  <u>Save Round Valley Alliance v. County of Inyo</u>, 157 Cal. App. 4th 1437, 1460 (4th Dist. 2007) (quoting <u>Kings Cnty. Farm Bureau v. City of Hanford</u>, 221 Cal. App. 3d 692, 708 (5th Dist. 1990)).

At the outset of the Order's analysis of the EIR-EIS's alternatives discussion, the court explained that one of the project's objectives was to generate sufficient revenue to support the project's proposed environmental and fire safety

---

[3]   Defendants are correct that the quotation from <u>Laurel Heights</u> cited in the Order's discussion of the sufficiency of the EIR-EIS's analysis of Alternative 6 arose in the context of an EIR's failure to adequately explain why it had declined to further analyze certain alternatives.  But, at the same time, the <u>Laurel Heights</u> court was also disapproving the minimal attention the EIR gave to the "no project" alternative.  <u>Laurel Heights Improvement Ass'n</u>, 47 Cal. 3d at 403.  It therefore had occasion to explain the importance of meaningful analysis of alternatives that <u>are</u> considered in an EIR in equivalent terms to those stated in the Order: "An EIR's discussion of alternatives must contain analysis sufficient to allow informed decision making. . . . Without meaningful analysis of alternatives in the EIR, neither the courts nor the public can fulfill their proper roles in the CEQA process."  <u>Id.</u> at 404.  The court went on to say, "An EIR must include detail sufficient to enable those who did not participate in its preparation to understand and to consider meaningfully the issues raised by the proposed project."  <u>Id.</u> at 405.

1   improvements, as well as the economic viability of the ski

2   operations.  (Order at 30.)  As noted in the Order, the EIR-EIS,

3   based on information provided by the project proponent, rejected

4   that Alternative 6 could meet that objective of economic

5   feasibility.[4]  (Order at 56-57; <u>see also</u> Administrative Record

6   3923 ("Alternatives consisting of fewer than the 282 units

7   included in Alternative 6 would <u>likewise</u> be financially

8   infeasible . . . .") (emphasis added).)

9          In <u>Preservation Action Council v. City of San Jose</u>, the

10  court ruled that the EIR's analysis of a reduced-size alternative

11  was inadequate because ambiguity regarding the size of the

12  alternative "would have made it difficult to compare the size of

13  the . . . alternative to the size of other home improvement

14  warehouses in the area in order to evaluate the validity of the

15  claim by [the project proponent] that the . . . alternative was

16  infeasible because it would produce a 'competitive

17  disadvantage.'"  <u>Pres. Action Council</u>, 141 Cal. App. 4th at 1355.

18  In other words, the EIR made it impossible to determine whether

19  the alternative would achieve the project applicant's objectives.

20         The ambiguity in that case "meant that the public and

21  the City Council were not properly informed of the requisite

22  facts that would permit them to evaluate the feasibility of th[e]

23  alternative," <u>id.</u>, and that the EIR "lacked 'detail sufficient to

24  enable those who did not participate in its preparation to

25

26         [4]  Obviously the court did not intend to suggest that the
    EIR-EIS rejected analyzing Alternative 6 wholesale.  Indeed, the
27  court rejected plaintiffs' contention that the EIR-EIS needed to
    analyze a further reduced-size alternative on the grounds that
28  analzying one reduced alternative--Alternative 6--was sufficient.

                                    5

1  understand and to consider meaningfully' the reduced-size

2  alternative," id. (quoting Laurel Heights Improvement Ass'n, 47

3  Cal. 3d at 404-05).

4          After explaining that the City also did not include

5  meaningful detail in the record regarding the project proponent's

6  claim that the reduced-size alternative was infeasible or make a

7  specific finding validating that claim, the court in that case

8  held that "[t]he City violated CEQA by failing to ensure that the

9  [EIR] adequately analyzed the potentially feasible and

10 environmentally superior reduced-size alternative and failing to

11 make a specific finding, based on substantial evidence, regarding

12 the feasibility of the reduced-size alternative." Id. at 1357.

13 The court therefore required revision of the EIR to remedy its

14 inadequate analysis of the reduced-size alternative. Id. at

15 1357-58 (also requiring adoption of appropriate findings based on

16 substantial evidence).

17         In the instant case, this court likewise ordered

18 revision of the EIR-EIS after making comparable rulings regarding

19 the EIR-EIS's analysis of Alternative 6's economic feasibility

20 and the County and TRPA's respective findings that Alternative 6

21 is economically infeasible.[5]  Not to have ordered revision of the

22 EIR-EIS would have ignored the distinction between the

23 feasibility determinations the County and TRPA are entitled to

24 make on the record and the analysis of a project's alternatives

25

26         [5]    The court found in its Order that the Tahoe Regional
   Planning Compact, Pub. L. No. 96-551, 94 Stat. 3233 (1980); Cal.
27 Gov't Code § 66801 et seq.; Nev. Rev. Stat. § 277.200 et seq.,
   requires a comparable analysis of alternatives to CEQA.  (Order
28 at 57.)

1  that CEQA requires to be in the EIR-EIS.  To properly compare
2  alternatives, information on how each alternative meets or fails
3  to meet the project's objectives must be adequate and accurate.
4  Because the project's economic feasibility is one of its key
5  objectives, simply redoing findings will not cure the defect in
6  the EIR-EIS identified by the court in its Order and ensure that
7  the EIR-EIS is the public informational document and guide for
8  the agencies it is intended to be.  Accordingly, the court
9  neither committed clear error nor ordered a manifestly unjust
10 remedy.

11          IT IS THEREFORE ORDERED that defendants' motion to
12 alter or amend the judgment be, and the same hereby is, DENIED.
13 DATED:  February 27, 2013

14

15                    WILLIAM B. SHUBB
16                    UNITED STATES DISTRICT JUDGE

17
18
19
20
21
22
23
24
25
26
27
28

                              7